IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO.: WDQ-10-0488 |
| LUIS R. AHORRIO, JR. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On December 5, 2011, Luis R. Ahorrio, Jr. was convicted of conspiracy to distribute, and possession with intent to distribute, crack cocaine. For the following reasons, his motion for a judgment of acquittal or a new trial will be denied.

I. Background

On August 11, 2010, Ahorrio and Timothy Wilson were indicted for conspiracy to distribute, and possession with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. ECF No. 15. Trial began on November 28, 2011. ECF No. 109. The Government called seven witnesses and showed video of a traffic stop involving Wilson and Ahorrio. This evidence established the following:

On July 23, 2010, Wilson rented a red Toyota Corolla in Toms River, New Jersey. Later that day, Ahorrio drove from New

York to Wilson's Toms River home. The two then headed south in the rental car, with Ahorrio driving.

At about 7:26 p.m., Maryland State Police Corporal Howard Kennard stopped the car on Route 113 in Worcester County, Maryland, for speeding and following another car too closely. Kennard noticed Ahorrio's hands shaking as he asked for Ahorrio's driver's license and registration. The officer also noticed that Wilson's breathing was shallow and rapid. Kennard saw that the car rental agreement authorized only Wilson to drive the car.

The officer asked Ahorrio to leave the car. Ahorrio told him that he lived in Queens, New York, Wilson had rented the car, Ahorrio had driven a different car from New York to Toms River to meet Wilson, and the two of them were driving to drag races. Kennard approached Wilson, who remained in the passenger seat, and told him to add Ahorrio to the rental agreement as an additional driver. Wilson said that the two were heading to drag races in North Carolina. While talking to Kennard, Wilson displayed a miniature probation officer's badge in his open wallet and said that he had "a brother on the job." Meanwhile, K-9 Trooper Dana Orndorff had arrived and begun speaking to Ahorrio, who told him that he and Wilson were driving to drag races in Georgia.

At about 7:33 p.m., Kennard confirmed that Ahorrio's license was valid and told him that he would issue a warning for the traffic violations. He also said that police were conducting canine sniffs of cars stopped for traffic violations. Ahorrio said only one bag in the car belonged to him, and Wilson would have to consent to the canine scan. Orndorff had Wilson exit the car, and Wilson urged him to hurry the scan because he had to use the restroom.

At 7:37 p.m., Orndorff walked the canine around the car, and the dog alerted near the driver's door. When Kennard told Wilson and Ahorrio that the dog had alerted, Wilson said that he did not know why and repeated that he had to use the restroom.

At 7:39 p.m., Kennard began searching the trunk of the car and found a discharged shotgun shell in a bag that Wilson said he had borrowed. Kennard then searched the cabin of the car. While on his knees near the passenger side where Wilson had been sitting, Kennard smelled cocaine and found a brown paper bag under the passenger seat. Inside the brown bag, the officer found a July 16, 2010 receipt from a Burger King blocks away from Ahorrio's home, and a white plastic bag containing clear plastic baggies with 327.9 grams of crack cocaine. At 7:49 p.m., Wilson and Ahorrio were arrested.

Ahorrio waived his *Miranda* rights and told police that he had been working in Manhattan on July 23, 2010, when Wilson told

him he was renting a car to travel to drag races. Ahorrio said that he and Wilson had been traveling to North Carolina, and Wilson was going to cover Ahorrio's expenses. Ahorrio said that they had planned to catch the Cape May to Lewes ferry but had missed the last departure, so Wilson had directed Ahorrio down Route 113.

On December 5, 2011, the jury found Wilson and Ahorrio guilty on all counts. On December 17, 2011, Ahorrio moved for judgment of acquittal or a new trial. ECF No. 128. On February 24, 2012, the Government opposed the motion.[1]

II. Analysis

Ahorrio argues that the evidence was insufficient to sustain his convictions, and the verdict was against the weight of the evidence.[2] These arguments arise under Federal Rules of Criminal Procedure 29 and 33, which govern motions for judgment of acquittal and new trial, respectively. Although the motions may be combined, they are governed by different standards.

A motion under Rule 29 challenges the sufficiency of the evidence to support the conviction. The Court must determine

---

[1] ECF No. 140. The response was timely. See ECF No. 137.

[2] ECF No. 128 at 2. Without elaboration, Ahorrio also "reasserts each and every ground previously set forth" in motions and objections at trial. *Id.* Because Ahorrio has provided no grounds for reconsidering these arguments, the Court affirms its earlier rulings.

4

whether, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt."[3]

Rule 33 allows a district court to grant a new trial in the interest of justice. *See* Fed. R. Crim. P. 33; *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). One basis for granting a new trial under Rule 33 is that the jury's verdict was against the weight of the evidence. *Arrington*, 757 F.2d at 1485. When a defendant raises this argument under Rule 33, "the court's authority is much broader" than it is under Rule 29. *Id.* The court "is not constrained by the requirement that it view the evidence in the light most favorable to the government," and it may evaluate the credibility of witnesses. *Id.* This discretion, though broad, should be exercised "sparingly"; a new trial should be granted "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003).

Ahorrio's motion fails under both standards. Without elaboration, he argues that the verdict was "unsupported by adequate evidence" and "against the weight of the evidence." ECF No. 128 at 2.[4] The evidence showed that drugs were found in

---

[3] *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008) (internal citation and quotation marks omitted).
[4] Ahorrio said he would "file a more fully realized version of his post-trial motions, along with a memorandum of law," *see* ECF

a rental car Ahorrio had driven from New Jersey to Maryland, Wilson was the only passenger, Ahorrio's hands were visibly shaking during the traffic stop, Ahorrio and Wilson contradicted each another about their destination, and, when an officer said he planned to conduct a canine scan of the car, Ahorrio said that only one bag in the car belonged to him.  The evidence also showed that Kennard could smell cocaine when he was near the passenger seat, and the drugs were inside a bag with a receipt from a Burger King located a few blocks from Ahorrio's home.  From this, a jury could reasonably conclude that Ahorrio knew about the crack cocaine in the car, knowingly possessed it, and had conspired with Wilson to possess it.  The Government's evidence, viewed under either Rule 29 or Rule 33, supported the jury's verdict against Ahorrio.

III. Conclusion

For the reasons stated above, Ahorrio's motion for acquittal or a new trial will be denied.

_3/13/12_
Date

William D. Quarles, Jr.
United States District Judge

---

No. 128 at 2, but never supplemented his motion.  See ECF No. 139 (February 13, 2012 letter from Ahorrio's counsel to the Court saying "there will be no memorandum of law").